875 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth CARVER, Plaintiff-Appellant,
v.
A.J. PETERSON; Herbert Hopkins; Richard R. Lofty,
Defendants-Appellees.
 No. 88-3048.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 30, 1988.
Decided: May 18, 1989.
 
 W.D.N.C.
 AFFIRMED.
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Woodrow Wilson Jones, United States District Judge. (CA-87-263).
 Stephen P. Lindsay (Lindsay, McDonald, Staples & Knight, P.A., on brief), for appellant.
 Penni P. Bradshaw (Petree, Stockton & Robinson, on brief), for appellees.
 Before JAMES DICKSON PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kenneth Carver appeals the district court's 12(b)(6) dismissal of his 42 U.S.C. Sec. 1983 action against A.J. Peterson, Herbert Hopkins, and Richard R. Lofty. We affirm.
 
 
 2
 In 1985, defendant Peterson was the Sheriff of Graham County, North Carolina, and defendants Hopkins and Lofty were his deputies. Carver alleges in his complaint that Hopkins and Lofty, at Peterson's direction, obtained a warrant to search Carver's residence in Robbinsville, North Carolina, based on information they knew was false and confiscated during the November 1985 search of his home a liquid later analyzed as being alcoholic.
 
 
 3
 The defendants sent several samples of the confiscated liquid to the United States Bureau of Alcohol, Tobacco and Firearms for analysis. Laboratory tests revealed that the alcohol content of the samples varied from 84.09 to 107.55 proof alcohol. Carver alleges, however, that the defendants either submitted false samples for testing or tampered with the samples.
 
 
 4
 Carver was subsequently charged in Graham County District Court with possession of "nontaxpaid alcoholic beverages" in violation of N.C.Gen.Stat. Sec. 18B-111.[1] He filed a motion to suppress the evidence of the contraband, contending that Peterson had removed it from the evidence room and that the custodial officer had witnessed law enforcement officers tampering with it. In his motion, Carver argued that the admission of the evidence would violate his fourth amendment right "to be free from unreasonable searches and seizures." The state district court denied the suppression motion, and Carver was convicted. Carver then appealed that conviction to the Graham Superior Court. After a trial de novo, he was again convicted of possession of nontaxpaid liquor.
 
 
 5
 In this section 1983 action, Carver contends that Peterson, Hopkins, and Lofty violated his fourth amendment right to be free from unlawful searches and seizures and his fifth amendment due process right to be free from the defendants' unlawful acts of tampering with the evidence.[2] The district court below granted the defendants' motion under rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Carver's action. It held that Carver was collaterally estopped from litigating his fourth and fifth amendment claims in a section 1983 action because he had "a full and fair opportunity to litigate his claims" in state court during his criminal case. On appeal, Carver argues that the district court erred in dismissing his action. He also submits an affidavit of his counsel, Stephen P. Lindsay, stating that newly discovered evidence supports his fifth amendment claim of tampering. We agree with the district court that collateral estoppel precludes Carver from relitigating the claims presented in his suppression motion to the North Carolina trial court.
 
 
 6
 In Allen v. McCurry, 449 U.S. 90 (1980), the United States Supreme Court held that res judicata and collateral estoppel principles are applicable to section 1983 actions. The Court, relying on 28 U.S.C. Sec. 1738, stated: "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Id. at 96; see Haring v. Prosise, 462 U.S. 306 (1983).
 
 
 7
 In Thomas M. McInnis & Associates v. Hall, 349 S.E.2d 552 (N.C.1986), the North Carolina Supreme Court last explained its collateral estoppel rule:
 
 
 8
 Under collateral estoppel as traditionally applied, a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies.
 
 
 9
 Id. at 557 (citations and footnote omitted). The court went on to hold, moreover, that, at least as applied to the defensive use of collateral estoppel, the previous North Carolina requirement of "mutuality of estoppel" was not necessary. Id. at 560.
 
 
 10
 While not agreeing completely with the district court's explanation of North Carolina's collateral estoppel rule, in our view, the court did not err in applying it to the circumstances of this case. In the state district court, Carver moved for the suppression of evidence of the alcoholic liquid confiscated by the Graham County Sheriff's Department. Although a copy of the motion made in the state trial court is in the record of the section 1983 proceedings, there is no transcript of evidentiary or other proceedings conducted in the state trial court. The section 1983 defendants, however, moved to dismiss Carver's action alleging that the issues had been litigated in state court. Carver did not respond to that allegation, and the district court found from the plaintiffs' concessions made in arguments before it that the issues involved in the section 1983 action were litigated in the criminal action before the Graham County District Court. The state court's rejection of Carver's motion, of course, was necessary to the final judgment of Carver's conviction. Although Peterson, Hopkins, and Lofty were not parties in that state-court action, their defensive use of collateral estoppel does not now require mutuality. See Hall, 349 S.E.2d at 560.
 
 
 11
 Finally, we are not persuaded by the affidavit of Stephen Lindsay, Carver's counsel, submitted in connection with this appeal that the purported newly discovered evidence of tampering could not have been available below.
 
 
 12
 The judgment of the district court, therefore, is affirmed.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 "Nontaxpaid alcoholic beverage" is "any beverage containing at least one-half of one percent (0.5%) alcohol by volume" upon which the appropriate federal or state taxes have not been paid. N.C.Gen.Stat. Sec. 18B-101(4), (11)
 
 
 [2]
 In district court, Carver also presented other constitutional and state pendent claims. Here, however, he pursues only his contentions that the court erred in dismissing his fourth and fifth amendment claims